Lisa D. Pickering SBN 199191
5435 Balboa Blvd Suite 214
Encino, CA 91316
Email: lisa@lisapickeringlaw.com
Tel: (818) 528-8760
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YANG WANG,<br><br>    Plaintiff,<br><br>    vs.<br><br>ALEJANDRO MAYORKAS, SECRETARY OF HOMELAND SECURITY, UNITED STATES DEPARTMENT OF HOMELAND SECURITY<br><br>    Defendant. | Case No.:<br><br>**COMPLAINT FOR WRIT IN THE NATURE OF MANDAMUS** |

## I.   PARTIES

**Plaintiff**

1.   Plaintiff Yang Wang (hereinafter, "Plaintiff") is a resident of Pomona, California.

**Defendant**

2.   Defendant Alejandro Mayorkas (hereinafter, "Defendant") is being sued in his official capacity as the Secretary of Homeland Security for the United States Department of Homeland Security (DHS). In his official capacity as the Secretary,

1

Defendant is charged with and responsible for overseeing and directing the operations of DHS and all departments, branches, and agencies therein. As relevant to Plaintiff's claims, this includes the U.S. Citizenship and Immigration Services (hereinafter, "USCIS"). USCIS is an agency of the DHS and is designated by statute to grant or deny any application or petition, relating to the relief requested by Plaintiff. Defendant's principal office is located at 2707 Martin Luther King Jr Ave. SE, Washington, DC 20528.

3.  As the Secretary of Homeland Security, Defendant is statutorily "charged with the administration and enforcement of this chapter and all other laws relating to the immigration and naturalization of aliens," and is responsible for the "control, direction, and supervision of all employees and of all the files and records of the [USCIS]." 8 U.S.C. §§ 1103(a)(1)-(2).

## II.   JURISDICTION AND VENUE

4.  This being an action in the nature of mandamus to compel officers and employees of an agency of the United States Government to perform duties owed to Plaintiff, jurisdiction is invoked pursuant to 28 U.S.C. §1361 and 5 U.S.C. §706 of the Administrative Procedure Act (APA). This being an action that arises under the Constitution and laws of the United States, jurisdiction is invoked pursuant to 28 U.S.C. §1331.

5.  Plaintiff alleges eligibility for payment of reasonable attorney's fees and

costs under the terms of the Equal Access to Justice Act, 28 U.S.C. § 2412.

6.   Venue properly lies in this Court pursuant to the provisions of 28 U.S.C. §1391(e), as Defendant is sued in his capacity as a federal official and Plaintiff resides within the judicial district of the District Court for the Central District of California. Plaintiff has exhausted all avenues of administrative relief and this matter is ripe for adjudication by this Court.

### III.   STATEMENT OF FACTS

7.   Plaintiff is a native and citizen of the People's Republic of China.

8.   In 2016, Plaintiff filed Form I-589, Application for Asylum, with Defendant. Plaintiff filed the asylum application to escape political persecution in China.

9.   Defendant accepted Plaintiff's asylum application and issued receipts (ZLA1600000990) and assigned Plaintiff a unique identification number, commonly known as an alien registration number: **A 208-735-244**.

10.  Plaintiff's asylum application has now been pending for more than seven years without any discernable action taken by Defendant.

11.  Plaintiff has exhausted all administrative forms of relief and no administrative appeal is available.

### IV.   CLAIM FOR RELIEF:
### Writ of Mandamus
### (Violation of APA under 5 U.S.C. §§ 702, 706(1))

12.  Plaintiff re-alleges and incorporates the allegations of the preceding

3

paragraphs as though fully set forth herein.

13. Pursuant to Sections 702 and 706(1) of the APA [5 U.S.C. §§ 702, 706(1)], Plaintiff seeks an order from this Court compelling Defendant to conduct an initial interview of Plaintiff and complete the adjudication of Plaintiff's I-589 asylum application.

14. Section 702 of the APA provides that "[a] person suffering legal wrong because of agency action . . . is entitled to judicial review thereof." 5 U.S.C. § 702. Judicial review under Section 702 is not limited affirmative actions by an agency, but also includes claims pertaining to the failure to act. *Id.* Section 555 of the APA provides categorically that every agency "shall within a reasonable time . . . proceed to conclude any matter presented to it." 5 U.S.C. § 555(b).

15. Section 706 of the APA mandates that "[t]he reviewing court <u>shall</u> compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). To succeed in a claim under Section 706(1), the plaintiff must demonstrate that the defendant (1) had a nondiscretionary duty to act, and (2) unreasonably delayed or unlawfully withheld in acting on that duty. *See Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 63-65 (2004).

16. Plaintiff has suffered a "legal wrong" and has been adversely affected or aggrieved by Defendant's refusal to adjudicate the I-589 asylum application in that Defendant's failure to act has deprived Plaintiff of the ability to obtain legal status

in the United States, which includes U.S. citizenship.

17.     Defendant has a nondiscretionary duty to adjudicate Plaintiff's I-589 asylum application. Section 208 of the Immigration and Nationality Act imposes a mandatory duty requiring that "the Attorney General shall establish a procedure for the consideration of asylum applications." 8 U.S.C. § 1158(d)(1). In compliance with this statutory mandate, the attendant regulations pertaining to the adjudication of affirmatively filed applications for asylum conclusively evidence that the Attorney General has established a procedure for the consideration of asylum applications and vested jurisdiction over the adjudication thereof with Defendant. 8 C.F.R. § 208.2(a) ("[USCIS] shall have initial jurisdiction over an asylum application filed by an alien physically present in the United States."). The procedure established by the Attorney General creates a mandatory and nondiscretionary duty requiring Defendant to adjudication asylum applications within the jurisdiction of Defendant. *See* 8 C.F.R. 208.9(a) ("The Service shall adjudicate the claim of each asylum applicant whose application is complete within the meaning of § 208.3(c)(3) and is within the jurisdiction of the Service."); *see also* 8 C.F.R. § 1.2 ("*Service* means U.S. Citizenship and Immigration Services."). Plaintiff's asylum application is (and has been) complete within the meaning of 8 C.F.R. § 208.3(c)(3) and is (and has been) within the jurisdiction of Defendant for more than seven years.

18. Defendant has unreasonably delayed the adjudication of Plaintiff's I-589 asylum application. Plaintiff has a statutory right to apply and be considered for a grant of asylum. *See* 8 U.S.C. § 1158(a)(1) ("Any alien who is physically present in the United States or who arrives in the United States . . . irrespective of such alien's status, may apply for asylum in accordance with this section." (parenthetical omitted)). This same statutory framework mandates that "[t]he Attorney General ***shall*** establish a procedure for the consideration of asylum applications filed under subsection (a)." 8 U.S.C. § 1158(d)(1) (emphasis added). The Attorney General's obligation to establish such procedures is not discretionary—it is mandatory. While the Attorney General is given a degree of latitude in establishing such procedures under paragraph (1), the Attorney General's discretion is not absolute. In adhering to the statutory mandate under paragraph (1) to establish procedures for processing asylum applications, the procedures established by the Attorney General must adhere to the requirements set forth at subsection (d)(5). *See* 8 U.S.C. § 1158(d)(5)(A) ("The procedure established under paragraph (1) ***shall*** provide that . . . ." (emphasis added)). As relevant here, this requires that "in the absence of exceptional circumstances, the initial interview or hearing on the asylum application shall commence not later than 45 days after the date an application is filed." 8 U.S.C. § 1158(d)(5)(A)(ii). Put simply, in the absence of exceptional circumstances, Defendant has a statutory obligation to conduct an initial interview

within 45 days of the filing of an asylum application.

19. Plaintiff filed the I-589 asylum application more than seven years ago in 2016. It has now been more than 2000 days since Plaintiff filed the asylum application and Defendant has yet to schedule an initial interview. To date, Defendant has not identified any exceptional circumstances nor provided explanation justifying such an extraordinary departure from the 45-day rule set forth at 8 U.S.C. § 1158(d)(5).

20. Plaintiff has suffered significant harm as a result of Defendant's delay and refusal to take action. This harm includes: an unreasonable delay in establishing Plaintiff as lawful permanent residents of the United States; inability to freely travel or relocate; inability to advance in her career; inability to travel out of the U.S.; inability to establish residency for collateral purposes and more importantly for purposes of obtaining U.S. citizenship; inability to obtain home or educational loans; and generally, continuing mental distress resulting from her unsettled legal condition.

21. Jurisdiction to adjudicate Plaintiff's I-589 lies with the Defendant and it remains pending without resolution. There is no reasonable basis for Defendant's position and it is not substantially justified under the law.

22. Plaintiff has suffered and continues to suffer severe and irreparable injury for which Plaintiff has no other adequate remedy at law unless this Court orders

7

mandamus.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

1. That judgment be entered ordering Defendant to schedule for an initial interview as necessary to the adjudication of Plaintiff's I-589 asylum application within thirty (30) days of the order of the court;

2. That judgment be entered ordering Defendant to complete the adjudication of Plaintiff's I-589 asylum application within ninety (90) days of the order of the court;

3. That Defendant be ordered to pay the cost of suit herein;

4. That Defendant be ordered to pay Plaintiff reasonable attorney's fees for this action;

5. That the Court grant such other and further relief as it deems necessary and proper.

Dated: March 8, 2022                    Respectfully submitted,

                                        By:   /s/Lisa Pickering
                                              LISA PICKERING
                                              *Attorney for Plaintiff*

8